Filing # 127129672 E-Filed 05/19/2021 02:38:21 PM

IN THE CIRCUIT COURT, EIGHTEENTH<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
BREVARD COUNTY, FLORIDA<br>
<br>
CASE NO.:<br>
DIVISION:

PATRICK MARSHALL,

    Plaintiff,

v.

WALMART STORES EAST, L.P.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, PATRICK MARSHALL, by and through undersigned counsel, sues Defendant, WALMART STORES EAST, L.P., and alleges:

1. This is an action for damages in excess of $30,000.00.

2. At all times hereto, Plaintiff, PATRICK MARSHALL, was a resident of Cocoa, Brevard, County, Florida and was over the age of majority.

3. At all times material to, Defendant, WALMART STORES EAST, L.P. was a Foreign Profit Corporation with its principal address at 708 SW 8th Street, Bentonville, AR 72716, but was licensed to do business in the State of Florida and was doing business in Brevard County, Florida in that they operated a store in same.

4. At all times material hereto, Defendant, WALMART STORES EAST, L.P., was conducting business in Brevard County, Florida at a location at 2700 Clearlake Road, Cocoa, FL 32922.

5. Venue is proper in Brevard County as the occurrence giving rise to this cause of action occurred in Brevard County.

6. At all times material hereto, Defendant was in possession of, owned, maintained, managed, and/or controlled the premises described above.

7. At all times material hereto, on or about August 30, 2020, Plaintiff, PATRICK MARSHALL, was a patron and business invitee of the Defendant's premises as a customer.

8. At all times material hereto, Defendant owed a non-delegable duty to Plaintiff to warn the Plaintiff of dangerous conditions that Defendant knew of and/or had constructive knowledge of and to take action to remedy said dangerous conditions.

9. This Defendant had actual or constructive notice of the existence of this aforesaid wet floor and the transitory foreign substance on the floor of its store and should have taken steps to remedy the condition or warn plaintiff of its existence. It did neither.

10. The Defendant had actual notice of the unreasonably dangerous condition in that defendant created, caused, contributed to, and/or assisted in the creation of the dangerous and defective condition and transitory foreign substance on the floor.

11. The Defendant was on constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

    (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of the condition; or

    (b) The condition, to wit, the transitory foreign substance on the floor of this store, occurred with regularity and was therefore foreseeable.

12. The Defendant breached its aforesaid duties to the Plaintiff by allowing this unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

13. Plaintiff was walking in the store and slipped and fell, injuring himself.

14. There was no sign or warning for any sort of dangerous or defective condition on the floor. The dangerous and defective condition was caused by the Defendant and/or existed for sufficient time for the Defendant to have actual and/or constructive notice of such condition to correct same which Defendant had a duty to do and which the Defendant negligently and carelessly failed and neglected to do so.

15. As direct and proximate result of the defective and dangerous condition and the aforesaid negligence of the Defendant, Plaintiff, PATRICK MARSHALL, was caused to slip and fall onto the floor resulting in bodily injury.

16. As a result, Plaintiff, PATRICK MARSHALL suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing within a reasonable degree of medical probability and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, PATRICK MARSHALL, demands judgment against Defendant, WALMART STORES EAST, L.P., for damages and costs and a trial by jury of all issues herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing will be furnished to the Defendant by process server.

FARAH & FARAH, P.A.
s/Jeremy Hill
Jeremy Hill, Esq. (FBN: 65718)
800 North Magnolia Avenue, Ste. 105
Orlando, FL 32803
Primary Email: Jhill@farahandfarah.com
Secondary Email: tcastaneda@farahandfarah.com
Attorney for Plaintiff